**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

**ONIER OSWALDO VARGAS,**

**Plaintiff**

**v.**

**VIRGINIA MILITARY INSTITUTE,**
**VMI BOARD OF VISITORS,**
**VMI ALUMNI AGENCIES,**
**KEYDET CLUB,**
**VMI FOUNDATION, and**
**VMI ALUMNI ASSOCIATION**

**Civil Action No. 6:25cv00100**

**MEMORANDUM IN SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PER RULES 8(a)(2), 8(d)(1), and 10(b), 12(b)(1), 12(b)(6), and 17(b)(3)**

Defendants Virginia Military Institute ("VMI") and VMI Board of Visitors ("Board of Visitors") (collectively, "Commonwealth Defendants"), by counsel, submit the following Memorandum of Law in Support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 8(a)(2), 8(d)(1), and 10(b), 12(b)(1), 12(b)(6), and 17(b)(3), in its entirety, the Amended Complaint (ECF No. 4) filed by the plaintiff herein, Onier Oswaldo Vargas, ("Plaintiff").

## I. Introduction

Plaintiff originally filed this suit on November 18, 2025. On December 18, 2025, prior to service of process on any defendant, Plaintiff filed an Amended Complaint (ECF No. 4), necessarily settings aside the allegations of his first complaint. *Baker v. Guyton-Williams*, No.

3:24-cv-147-HEH; 3:24-cv-148-HEH, 2025 U.S. Dist. LEXIS 58663, *5 (E.D. Va. Mar. 27, 2025).[1] The Amended Complaint is 227 pages long and contains 1,411 numbered paragraphs. It raises against all Defendants deprivation of First Amendment rights pursuant to the First Amendment and 42 U.S.C. § 1983 (Count I), violation of due process pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 (Count II), conspiracy to deprive constitutional rights pursuant to the First and Fourteenth Amendments and 42 U.S.C. § 1983 (Count III), and a violation of the Racketeer Influence and Corrupt Organizations Act pursuant to 18 U.S.C. § 1962(c) (Count IV). The Amended Complaint raises against only the Commonwealth Defendants the claims of unlawful reprisal against contractor in violation of 10 U.S.C. § 4701 (Count V), unlawful reprisal against contractor in violation of 10 U.S.C. § 4712 (Count VI), unlawful retaliation in violation of Va. Code § 40.1-27.3 (Count VII), unlawful retaliation in violation of the Virginia Fraud and Abuse Whistle Blower Protection Act, Va. Code § 2.2-3009, *et seq.* (Count VIII), failure to accommodate in violation of 42 U.S.C. 12112(b)(5)(A) of Title I of the Americans with Disabilities Act, (Count IX), misclassification in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 213(a)(1) (Count X), retaliation for wage and hour complaints in violation of FLSA 29 U.S.C. 215(a)(3) (Count XI), and negligent retention under Virginia common law (Count XII).

The VMI Board of Visitors is not an entity capable of being sued and should be dismissed as a defendant per rule 17(b)(3). Additionally, Plaintiff's rambling narrative runs afoul of Rules 8(a)(2), 8(d)(1), and 10(b), and should be dismissed as a shotgun pleading; however, this Court

[1] Plaintiff neither attached any exhibits to his amended complaint nor did anything to "effectively integrate" any prior filed exhibits to his amended complaint, thus any exhibits were superseded as well. *Baker v. Guton-Williams*,at *5.

lacks subject matter jurisdiction as all counts are barred against the Commonwealth Defendants by sovereign immunity.

## II. Summary of Factual Allegations

For reasons discussed *infra* in support of Commonwealth Defendants' motion under Rule 8, it would be an undue burden for a responding party to try to summarize the 227-page Amended Complaint. Much of the Amended Complaint is "rambling narrative" interspersed with irrelevant and repetitive information. The overarching scheme appears to be as follows.

Plaintiff was appointed to be the Director of Athletic Multimedia at VMI on March 25, 2024. ECF No. 4, ¶ 21. Plaintiff was to report directly to Mr. Marcello. ECF No. 4, ¶ 25. During their introductory meeting, Plaintiff informed Mr. Marcello that he is a disabled veteran and diagnosed with ADHD and informally made an accommodation request which he received. ECF No. 4, ¶¶ 27-30. During Plaintiff's employment there were recurring broadcast disruptions which Plaintiff blamed on the state of broadcasting equipment. ECF No. 4, ¶¶ 241-246. Plaintiff also blamed the issues on Mr. Marcello reducing an equipment order Plaintiff had made by half. ECF No. 4, ¶ 254. Also, replacement equipment (that apparently Plaintiff had ordered) was incompatible. ECF No. 4, ¶ 232. In an initial review in August 2024, Plaintiff received scores of 3 and 4 out of 5. ECF No. 4, ¶¶ 74-76. However, as time went on Plaintiff began receiving numerous reprimands, was placed on a performance improvement plan, and given a notice of improvement needed. ECF No 4, ¶¶ 666, 832, 939, 941(by way of example, but more examples exist in the voluminous Amended Complaint). Eventually, Plaintiff was given a 30-day notice of intent to terminate and terminated. ECF No. 4, ¶¶ 1024, 1034.

Throughout this period of bad performance, Plaintiff made complaints regarding Mr. Marcello's managerial style and the involvement of the Keydet Club, which from the Amended

Complaint appears to be a fundraising organization. ECF No. 4, ¶¶ 546, 863. There was also an incident of unwanted physical contact between Plaintiff and Mr. Marcello on January 9, 2025. ECF No. 4, ¶ 968. This culminated in cross-warrants being dismissed after mutual assertions of their Fifth Amendment privilege by Plaintiff and Mr. Marcello. ECF No. 4, ¶¶ 1014-17, 1038.

## II. VMI Board of Visitors Lacks Capacity to Be Sued (Rule 17(b)(3))

Rule 17(b)(3) provides that the capacity of a governmental entity to be sued is determined by the law of the state in which the District Court is located. "Under Virginia law, 'an operating division of a governmental entity…cannot be sued unless the legislature has vested the operating division with the capacity to be sued.'" *Conte v. Virginia*, No. 3:20-CV-00038, 2023 U.S. Dist. LEXIS 73530, *11 (W.D. Va. Apr. 27, 2023) (quoting *Smith v. Town of South Hill*, 611 F. Supp. 148, 167 (E.D. Va. 2020)). Pursuant to Va. Code § 23.1-1103, "[a]ny institution may, *in its proper corporate name and style*: 1. Sue and be sued…." (emphasis added). Va. Code § 23.1-2500(A) establishes that "[t]he board of visitors of Virginia Military Institute (the board) is a corporation *under the name and style of 'Virginia Military Institute'*…." (emphasis added). Analogously, the Code of Virginia provides that the board of visitors of the University of Virginia "is a corporation under the name and style of 'the Rector and Visitors of the University of Virginia,' and this Court has previously dismissed 'The University of Virginia' under this same reasoning. Va. Code § 23.1-2200 and *Doe v. Univ. of Va.*, No. 3:23-cv-18, 2024 U.S. Dist. LEXIS 57932, *18 (W.D. Va. Mar. 29, 2024).[2]

[2] While in *Doe*, the Court noted that 'The University of Virginia' had not been served, such is not a necessary condition. *See Paschall v. Univ. of Va. School of Medicine|Commonwealth of Virginia*, 3:24-cv-00026-NKM-JCH, *4-5 (E.D. Va. Dec. 12, 2024) (collecting cases on dismissal of suits in similar circumstances).

## III. The Amended Complaint is an Impermissible Shotgun Pleading (Rules 8(a)(2), 8(d)(1), and 10(b))

### a. Legal Standard

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The rules further require a party to "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "One purpose of these pleading requirements is 'to give the [opposing party] fair notice of what the...claim is and the grounds upon which it rests.' Another purpose is to 'frame[] the issue[s] and provide the basis for informed pretrial proceedings.'" *JTH Tax, Inc. v. Hines*, No. 2:15cv558, 2017 U.S. Dist. LEXIS 136284, at *5 (E.D. Va. July 19, 2017) (internal citations omitted). "Protracted pleadings that consist of confusing narrative place an unjustified burden on the district court and the party who must respond. *Garris v. Ocwen Loan Servicing, LLC*, No. 1:14cv118(JCC/JFA), 2014 U.S. Dist. LEXIS 49275, *6 (E.D. Va. Apr. 9, 2014) (citing *North Carolina v. McGuirt*, 114 F. App'x 555, 558-59 (4th Cir. 2004)). A complaint that fails to comply with these pleading requirements is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *McGuirt*, 114 F. App'x at 558.

### b. Argument

The Amended Complaint in the instant matter amounts to a "shotgun pleading" in which Plaintiff sets forth a number of facts and allegations but fails to properly organize them into counts or claims. A "[s]hotgun pleading is '[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading.'" SunTrust Mortgage, Inc. v. Old

Second National Bank, No. 3:12cv00-JAG, 2012 U.S Dist. LEXIS 65932 at *9 (W.D. Va. May 10, 2012) (quoting Lampkin-Asam v. Volusia County Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008)) (additional citations omitted). "'Pleadings of this nature are prohibited by Rule 8(a)(2), which requires . . .' a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at *10 (quoting Lampkin-Asam, 261 F. App'x at 277) (citing JPMorgan Chase Bank, N.A. v. Hayhurst Mortg., Inc., No. 10-21501-CIV-ALTONAGA/Brown, 2010 U.S. Dist. LEXIS 74881 at *2 (S.D. Fla. July 26, 2010) (noting that shotgun pleading can also violate Rule 10(b)).

"There are four categories of shotgun pleadings: '(1) 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts'; (2) a complaint that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) a complaint that does 'not separate[e] into a different count each cause of action or claim for relief'; and (4) a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.''" *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 2:24-cv-204, 2025 U.S. Dist. LEXIS 40993 (E.D. Va. Mar. 6, 2025) (citing *Bartol v. Barrowclough*, 251 F.Supp.3d 855, 859 (E.D. Pa. 2017) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015))). The Amended Complaint in this case is a category one, category two, and category four shotgun pleading.

That the Amended Complaint at bar is a Category 1 shotgun pleading needs little discussion. Each Count begins with "The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein." ECF No. 4, ¶¶ 1114, 1127, 1150, 1183, 1301, 1311, 1321, 1333, 1342, 1351, 1364, 1379. This leaves the reader with no means to

discern which of over 1100 paragraphs go with which claim. Worse still, it has the effect of alleging that the paragraphs of each count are somehow relevant to all subsequent counts.

The Amended Complaint is 227 pages long, despite Plaintiff's entire period of employment covering only March 4, 2024 through March 4, 2025, *res ipsa loquitor* the Amended Complaint is a category two shotgun pleading. Nevertheless, one does not have to read far to find specific examples. The job interview and onboarding process, during where there does not appear to be any allegation of wrongdoing, spans ten paragraphs spread over two pages. ECF No. 4, ¶¶ 17-26. A single conversation covers 178 paragraphs. ECF No. 4, ¶¶ 322-499. An inexplicably included section on the Uniform Code of Military Justice spans eight-and-a-half pages (46 paragraphs). ECF No. 4, ¶¶ 1066-1111.

While the Amended Complaint does specify against which of the defendants each claim is brought against, it does not specify which defendant is responsible for which acts or omissions, instead referring to the collective "Defendants,"[3] establishing it as a Category 4 shotgun pleading.

While Rule 8(a) requires a pleading stating a claim for relief to contain, among other things: "…(2) a short and plain statement of the claim showing that the pleader is entitled to relief; …," Rule 10 requires, among other things that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." While the Amended Complaint does use numbered paragraphs, the 1,411 numbered paragraphs are not limited as far as practicable to a single set of circumstances, instead representing a rambling narrative of events, recounting conversations sentence by sentence, and the Amended Complaint should be dismissed for its noncompliance.

[3] Alternatively, and more frequently, referring to non-defendants with no explanation of how a defendant is responsible for that action.

## IV. The Claims Against the Commonwealth Defendants Are Barred by Sovereign Immunity (Rule 12(b)(1))

### a. Legal Standard

Fed. R. Civ. P. 12(b)(1) "permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). "The burden of establishing the existence of subject matter jurisdiction rests upon the party which seeks to invoke the court's authority." *Id.*

"For motions made pursuant to [Fed. R. Civ. P. 12], the evidentiary standard depends upon whether the challenge is a facial attack on the sufficiency of the pleadings, or an attack on the factual allegations that support jurisdiction." *Id.* at 782-83 (internal quotation omitted). Specifically, "[i]f the defendant is attacking the sufficiency of the complaint, the court must accept all of the complaint's factual allegations as true." *Id.* at 783. By contrast, "if the defendant claims that the jurisdictional facts alleged in the complaint are untrue, the pleadings are regarded as mere evidence. . . . The court then weighs the pleadings and all of the other evidence to determine whether subject matter jurisdiction exists." *Id.* (internal citations omitted).

"Sovereign immunity is a jurisdictional issue." *Drew v. Va. Comm. Univ., Parking & Transp.*, No. 3:17-CV-429-JAG, 2018 U.S. Dist. LEXIS 50944, at *3 (E.D. Va. Mar. 27, 2018), aff'd sub nom. *Drew v. Virginia Commonwealth Univ.*, 731 F. App'x 247 (4th Cir. 2018) (citing *Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys.*, 132 F. 3d 985, 987, 990 (4th Cir. 1997)). "State sovereign immunity protects the state from actions at law for damages and from suits in equity to restrain or compel governmental action.… This immunity extends to state agents and state instrumentalities, in addition to the state itself. *Jones*

*v. Va. Comm. Univ.*, No. 3:20-CV-792, 2021 U.S. Dist. LEXIS 2530, *7 (E.D. Va. Jan. 6, 2021) (citations omitted).

"Eleventh Amendment immunity is only one example of state sovereign immunity as it applies to suits filed in federal court against unconsenting states." *Brown v. Porter*, No. 2:19CV376, 2019 U.S. Dist. LEXIS 230426, *31 (E.D. Va. Nov. 26, 2019), *report and recommendation adopted as modified*, 438 F. Supp. 3d 679 (E.D. Va. 2020) (internal quotation omitted). As such, Eleventh Amendment immunity precludes states from being sued on certain claims in federal court. *See Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

"Where a party has made both a Rule 12(b)(1) motion and a Rule 12(b)(6) motion, a court should address the 12(b)(1) issue first." *CSX Transportation, Inc. v. Norfolk S. Ry. Co.*, No. 2:18CV530, 2019 U.S. Dist. LEXIS 161339, *19 (E.D. Va. Sept. 9, 2019).

**b. All § 1983 Claims (Counts I, II, and III) Are Barred by Sovereign Immunity**

Plaintiff brings three counts under 42 U.S.C. § 1983: Count I – Deprivation of First Amendment Rights, Count II – Deprivation of Due Process Rights, and Count III – Conspiracy to Deprive Constitutional Rights. ECF No. 4, ¶¶ 1114-82. § 1983 requires that a Plaintiff prove deprivation of a civil right by a "person." 42 U.S.C. § 1983; *Smith v. Unknown Six Members of the Va. Parole Bd.*, No. 7:24-cv-00737, 2025 U.S. Dist. LEXIS 81093, *4 (W.D. Va. Apr. 28, 2025) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Despite Plaintiff's allegation that "[e]ach Defendant identified in this Complaint is a 'person' within the meaning of 18 U.S.C. §1963(3), legal conclusions, even at a Motion to Dismiss, are not owed any deference. *Jenkins v. LogicMark,*

*LLC*, No. 3:16-CV-751-HEH, 2017 U.S. Dist. LEXIS 10975, *5 (E.D. Va. Jan. 25, 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"[N]either a state nor a state agency is a 'person' subject to suit under § 1983." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). *Wil v. Mich. Dep't of State Police* plainly states, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983. *Will*, at *71. As the Commonwealth Defendants are not "persons" for § 1983 purposes, these claims cannot be brought against them.

Even if the Commonwealth Defendants were a "person" under §1983, the § 1983 claims would be barred by Eleventh Amendment immunity. It is well settled that Virginia institutes of higher education are protected from suits under § 1983 by Eleventh Amendment immunity. *E.g. Moon Young Kim v. Rector & Visitors of the Univ. of Va.*, 2025 U.S. Dist. LEXIS 215073, *22-23 (W.D. Va. Oct. 31, 2025) (citations omitted). Accordingly, the Court must dismiss these claims for lack of subject matter jurisdiction.

**c. Any Civil RICO Claim (Count 4) Is Barred by Sovereign Immunity**

Just as with § 1983, the Commonwealth Defendants are shielded from Plaintiff's attempt bring a civil RICO suit under 18 U.SC. § 1962(c) by Eleventh Amendment immunity. This is long settled and warrants no further discussion. *See Conte v. Virginia*, No. 3:20-CV-00038, 2023 U.S. Dist. LEXIS 73530, *10 (W.D. Va. Apr. 27, 2023) (holding that § 1962 "does not explicitly and by clear language or by statutory history evince an intention to waive State sovereign immunity") (citing *Stewart v. Univ. of N.C. Sts.*, 673 F. App'x 269, 270 (4th Cir. 2016) (per curiam) and *Holloman v. Va. Dep't of Corr.*, No. 7:22-cv-00478, 2022 U.S. Dist. LEXIS 219642, *1 (W.D. Va. Dec. 6, 2022)). Accordingly, Count 4 should be dismissed.

**d. Plaintiff's Federal Whistleblower Reprisal Claims (Counts V and VI) Are Barred by State Sovereign Immunity**

Plaintiff brings federal whistleblower claims pursuant to 41 U.S.C. § 4172 ("National Defense Authorization Act" or "NDAA") and 10 U.S.C. § 4701 ("Defense Contractor Whistleblower Protection Act" or "DCWPA"). "State sovereign immunity, on the other hand, is a broader doctrine [than Eleventh Amendment immunity] that 'bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it.'" *Williams v. Morgan State Univ.*, 850 Fed. Appx. 172, 174 (4th Cir. 2021) (quoting *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019)). The Fourth Circuit has specifically considered the issue of applying the NDAA to the states and held that it is barred by state sovereign immunity unless the state has waived said sovereign immunity. *Id.* Whereas in Maryland this question had to be certified to the state court because of a question if the Maryland Tort Claims Act waived sovereign immunity on federal claims, in Virginia the answer is simpler: the Virginia Tort Claims Act did not waive sovereign immunity for the agencies of the Commonwealth at all. *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 246 (2004).

Neither the NDAA nor the DCWPA contain any attempt to abrogate state sovereign immunity, and Virginia has not waived its sovereign immunity. As Counts V and VI are barred by state sovereign immunity, they should be dismissed.[4]

**e. Plaintiff's State Whistleblower Claims (Counts VII and VIII) Are Barred by Sovereign Immunity**

[4] In addition, while Maryland had waived its Eleventh Amendment immunity by removing the matter to federal court in *Williams*, no such removal occurred here, and the claims are barred by Eleventh Amendment immunity.

Sovereign immunity "is 'alive and well' in Virginia. *Messina v. Burden*, 228 Va. 301, 307 (1984). "[T]he Commonwealth is immune from tort liability for the acts or omissions of its agents and employees unless an express statutory or constitutional provision waives that immunity." *Ligon v. County of Goochland*, 279 Va. 312, 316 (2010). As neither statute contains an express waiver of sovereign immunity, Plaintiff's claims under both Va. Code §§ 40.1-27.3 and 2.2-3011 should be dismissed as they are barred.

As explained by the Eastern District of Virginia less than four years ago:

> Virginia Code § 40.1-27.3 contains no express waiver of sovereign immunity. The statute never mentions the Commonwealth, its agencies, or its officers and only creates liability for "employers" without expressly including the Commonwealth within the definition of that term. Va. Code. Ann. § 40.1-27.3; see id. § 40.1-2 (defining employer in Title 40.1 generally). Thus, the Commonwealth and its agencies, including OSIG, are immune from suit under § 40.1-27.3.

*Moschetti v. Off. of the Inspector Gen.*, No. 3:22-cv-24-HEH, 2022 U.S. Dist. LEXIS 144143, *26 (E.D. Va. Aug. 11, 2022). *See also Deedrich v. Danville Redevelopment & Hous. Auth.*, No. 4:24CV00008, 2025 U.S. Dist. LEXIS 82138, *12 (W.D. Va. Apr. 30, 2025) (finding that "Virginia's anti-retaliation statute does not contemplate entities like the Housing Authority" and granting a motion to dismiss).

The Virginia Fraud and Abuse Whistle Blower Protection Act, Va. Code § 2.2-3009, *et seq*. ("Virginia FAWPA"), likewise contains no express waiver of the sovereign immunity of the Commonwealth or her agencies. As there is no express waiver of the sovereign immunity of the state's agencies, Plaintiff's claim should be dismissed. Assuming, *arguendo*, that Virginia FAWPA did contain such a waiver, this court nevertheless would lack jurisdiction to hear the matter. A "State's general waiver of sovereign immunity…does not constitute waiver by the state of its constitutional immunity under the Eleventh Amendment from suit in the federal court." *Florida Dep't of Health and Rehabilitative Services v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (quotation omitted). "In deciding whether a State has waived its constitutional

protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). Va. Code § 2.2-3011(D) is clear: a suit under the Virginia FAWPA, to the extent it can be considered by a court, must be brought "in the circuit court of the jurisdiction where the whistle blower is employed."

**f. Plaintiff's ADA Title I Claim (Count IX) and FLSA Claims (Counts X and XI) Are Barred by Sovereign Immunity**

The Supreme Court has held that Congress exceeded its authority when it purported to abrogate state sovereign immunity from lawsuits under Title I of the ADA. *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001). Additionally, "the Commonwealth [of Virginia] has not waived its sovereign immunity from private lawsuits under Title I of the ADA." *Passaro v. Virginia*, 935 F.3d 243, 247-49 (4th Cir. 2019). Thus, the Commonwealth Defendants are protected from suits under Title I of the ADA by Eleventh Amendment immunity, and Count IX of the Complaint should be dismissed pursuant to Fed. Rule Civ. P. 12(b)(1). Similarly, the Fourth Circuit has held Congress could not abrogate a state's Eleventh Amendment immunity from suit under the FLSA. *Abril v. Virginia*, 145 F.3d 182, 189 (4th Cir. 1998), and Counts X and XI should also be dismissed.

**g. Plaintiff's Negligent Retention Claim (Count XII) Is Barred by Sovereign Immunity.**

While Plaintiff is correct that the tort of negligent retention is recognized in Virginia, when given an opportunity to allow negligent retention to be an exception to the protection of sovereign

immunity, the Supreme Court of Virginia expressly declined to do so. *Niese v. City of Alexandria*, 264 Va. 230, 241 (2002).[5] Accordingly, the claim should be dismissed.

## V. <u>Plaintiff Fails to State a Claim Under § 1983</u>

Counts I, II, and III are each brought under 42 U.S.C. § 1983. In each Count, Plaintiff fails to state a § 1983 claim. "To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Plaintiff failed to plead a violated Constitutional right in Counts I and II and failed to plead a conspiracy in Count III.[6]

### a. Plaintiff Fails to Plead a First Amendment Violation

To assert a first amendment retaliatory discharge claim, a plaintiff "must establish three elements to state a claim: 1) that the expressions which are alleged to have provoked the retaliatory action relate to matters of public concern; 2) that the alleged retaliatory action deprived him of some valuable benefit; and 3) that there was a causal relationship between the protected expression and the retaliatory action." *Wagner v. Wheeler*, 13 F.3d 86, 90 (4th Cir. 1993) (internal quotations omitted).

While Plaintiff alleges that he "engaged in speech on matters of public concern outside the scope of his employment…." (ECF No. 4, ¶ 1118), the paragraphs he cites in support ("¶¶ 295-

---

[5] While the court considered whether the City defendant engaged in a "governmental function," that is a limitation of sovereign immunity that applies only to municipalities and not to the state, thus not a necessary analysis here. *Cf. Massenberg v. City of Petersburg*, 298 Va. 212, 217-18 (2019) ("Unlike counties, which share fully in the sovereign's immunity from tort, whether a municipal corporation is entitled to sovereign immunity protection depends on the type of function it exercises when liability arises." (citations omitted).

[6] To the extent Plaintiff is attempting to attribute any actions of the alumni associations to VMI (to the extent actions of the alumni associations are described at all), this Court has recently considered the issue and found that, in a case with more detailed factual allegations, there was neither pervasive entwinement nor a symbiotic relationship to allow for such. *Respess v. VMI Alumni Ass'n*, No. 6:24-cv-00028, 2025 U.S. Dist. LEXIS 60658, *20-37 (W.D. Va. Mar. 31, 2025).

300, 517-551, 552-581, 582-586, 956-963, 965-967") reveal this assertion to be patently false. By way of example, ¶¶ 295-300 concern Plaintiff's supervisor reducing his equipment order, instructing him to make a video, and the preventability of broadcast cancellations, and paragraphs 517, *et seq.*, deal with a complaint stemming from a document Plaintiff himself titled "Addressing Managerial Challenges and Operational Analysis." ECF No. 4, ¶ 523. "[C]ritical to a determination of whether employee speech is entitled to First Amendment protection is whether the speech is made primarily in the employee's role as citizen or primarily in his role as employee." *Urofsky v. Gilmore*, 216 F.3d 401, 407 (4th Cir. 2000). Despite Plaintiff's talismanic use of legal phrases, his voluminous Amended Complaint reveals his speech "is that of a single disgruntled employee about a personal employment dispute." *Taylor v. Country of Pulaski*, No. 7:06CV00467, 2008 U.S. Dist. LEXIS 79228, *15 (W.D. Va. Oct. 7, 2008) (internal quotation omitted).

Assuming, *arguendo*, that Plaintiff's speech was on a matter of public concern, "It is not enough that the protected expression played a role or was a motivating factor in the retaliation; claimant must show that but for the protected expression the state actor would not have taken the alleged retaliatory action." *Porter v. Bd. of Trs. Of N.C. State Univ.*, 72 F.4th 573, 583 (4th Cir. 2023) (quotation omitted). Far from but-for causation, Plaintiff's Amended Complaint includes being placed on a performance improvement plan, seventeen disciplinary reprimands, and a Notice of Improvement Needed that detailed forty (40) instances of observed deficient conduct ¶¶ 682, 941-44, 1100.

As Plaintiff not only fails to identify any protected speed but also establishes by his own allegations that he could never allege but-for causation, the claim should be dismissed with prejudice.

**b. Plaintiff Fails to Plead a Fourteenth Amendment Violation**

"In order to state a § 1983 claim for deprivation of property without due process, plaintiff must show (i) that she has a constitutionally protected property interest, and (ii) that she has been deprived of that interest by state action. Once these elements are established, the question turns to what process is due and whether it has been provided." *Echtenkamp v. Loudon County Pub. Schs.*, 263 F. Supp. 2d 1043 (E.D. Va. 2003) (citations omitted). In Virginia, employees, including public employees, are presumed to be employed at-will. *Grant v. Southside Reg'l Jail*, 2019 U.S. Dist. LEXIS 171602, *4 (E.D. Va. Oct. 2, 2019). "In Virginia, an at-will government employee 'has no legitimate expectancy of continued employment and thus has no protectible property interest.'" *Cominelli v. Rector & Visitors of the Univ. of Va.*, 589 F. Supp. 2d 706, 713 (W.D. Va. 2008) (quoting *Jenkins v. Weatherholz*, 909 F.2d 105, 107 (4th Cir. 1990)).

Plaintiff has not pleaded facts to rebut the presumption that he was employed at-will. Even if Plaintiff had done so, his own allegations show that he was given whatever process was due. Plaintiff alleges multiple meetings with his supervision, meetings with human resources, disciplinary reprimands, a performance improvement plan and multiple meetings concerning the plan, an investigation conducted by a person of his choosing, and a 30-day notice of his termination. ECF No. 4, ¶¶ 933-34, 948, 949, 973, 994, 1005. Whatever process was due, Plaintiff clearly received it and Count II should be dismissed with prejudice.

**c. Plaintiff Fails to Plead a Conspiracy**

"To establish a civil conspiracy under § 1983, [Plaintiff] must present evidence that the [Defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plainiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). As discussed above in relation to Counts I and II, Plaintiff has failed to allege sufficient facts to support that he was deprived of a constitutional

right. Absent the deprivation of a constitutional right, a § 1983 claim must be dismissed. *Shooting Point v. Cumming*, 243 F. Supp. 2d 536 (E.D. Va. 2003).

Assuming, *arguendo*, that Plaintiff did plead a deprivation of a constitutional right, he nevertheless failed to plead the defendants acted jointly in concert. Plaintiffs "have a weighty burden to establish a civil rights conspiracy." *Hinkle*, *81 F.3d at 421*. "To state a claim for conspiracy under § 1983, Plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights." *Charles v. Leesbug Police Dep't*, 2025 U.S. Dist. LEXIS 271861, *11 (Dec. 15, 2025) (collecting cases). Plaintiff has not pleaded any such facts, and Count III should be dismissed with prejudice.

## VI. **Plaintiff Fails to State a Claim under 18 U.S.C. 1962(c)(1) ("RICO") (Count IV)**

### a. Legal Standard

To survive a motion to dismiss, Plaintiff "must show that each RICO defendant conducted an enterprise through a pattern of racketeering activity, and that [Plaintiff] was injured in [his] business or property as the result of such conduct." *Palmetto State Med. Ctr. v. Operation Lifeline*, 117 F.3d 142, 148 (4th Cir. 1997) (citing *Sedima, SPRL v. Imrex Co.*, 473 U.S. 479, 496-97 (1985) and 18 U.S.C. § 1964(c)).

A RICO "enterprise" is an "ongoing organization, formal or informal, in which the various [defendants] function as a continuing unit." *Id.* (citation omitted). "Racketeering activity" is defined as specific "predicate acts" listed in the RICO statute. *Al-Abood v. Elshamari*, 217 F.3d 225, 238 (4th Cir. 2000) (citing 18 U.S.C. § 1961(1)(B)). To allege a "pattern" of racketeering activity, a plaintiff must show that "two or more predicate acts" were committed in a ten-year period, and the two acts were "related" and "constitute or pose a threat of continued criminal

activity." *Id.* (citations omitted). This pattern requirement is "designed to prevent RICO's harsh sanctions, such as treble damages, from being applied to garden-variety fraud schemes," *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 181 (4th Cir. 2002), because RICO is not appropriate for "the general run of commercial and contractual disputes," *HMK Corp. v. Walsey*, 828 F.2d 1071, 1076 (4th Cir. 1987). Put simply: RICO liability is "reserved . . . for ongoing unlawful activities whose scope and persistence pose a special threat to social wellbeing." *Al-Abood*, 217 F.3d at 238; *accord U.S. Airline Pilots Ass'n v. AWAPPA, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (RICO is "concerned with eradicating organized, long-term, habitual criminal activity").

**b. Plaintiff Lacks Standing to Bring a RICO Claim[7]**

"A private RICO plaintiff only has standing to bring suit if he can show damage to 'business or property' proximately caused by the defendant's RICO violation." *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260 (4th Cir. 2001). Additionally, the RICO predicate acts must be a but-for cause of the plaintiff's injury. *Walters v. McMahen*, 684 F.3d 435, 444 (4th Cir. 2012).

While plaintiff has not made sufficient factual allegations of any predicate acts in fact, none of the purported predicate acts were the proximate or but-for cause of damage to his business or property as alleged in the complaint. Even assuming the predicate acts named in the section titles of the Amended Complaint were sufficiently alleged, he does not allege that any of those predicate acts were the but-for cause of his injury As a result of this deficiency in his pleading, Count IV should be dismissed with prejudice.

**c. Plaintiff Does Not Allege a Predicate Act**

[7] This statutory standing argument is properly brought under Rule 12(b)(6). *Bowen v. Adidas Am. Inc.*, 84 F.4th 166, 173 n.3 (4th Cir. 2023).

Plaintiff purports to allege the following predicate acts: bribery in violation of 18 U.S.C. § 666, mail fraud in violation of 18 U.S.C. § 1341 and Wire Fraud in violation of 18 U.S.C. § 1343, interstate and foreign travel in aid of RICO in violation of 18 U.S.C. § 1952(a)(3), laundering of monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(2)(B)(i), monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957, witness tampering in violation of 18 U.S.C. §§ 1512(b)(1), 1512(b)(2)(A), 1512(b)(2)(B), and 1512(b)(3), and witness retaliation in violation of 18 U.S.C. § 1513(E). ECF No. 4, ¶¶ 1198-1300. Despite these impressive titles and over 100 paragraphs discussing supposed predicate acts, none of the factual allegations in the complaint demonstrate a violation of the law they purport to demonstrate violation of, and the claim should be dismissed with prejudice.[8]

## VII. <u>Plaintiff Fails to Plead a Defense Contractor Whistleblower Protection Act ("DCWPA") Claim (Count V)</u>

"In order to survive a motion to dismiss, [Plaintiff's] DCWPA claim must allege facts sufficiently to plausibly show that he engaged in a protected disclosure, that his employer was on notice of that disclosure, and that, as a result of the disclosure, he was subjected to an adverse employment action." *Greer v. Gen. Dynamics Info Tech.*, 808 Fed. Appx. 191, 193 (4th Cir. 2020). To be a "protected disclosure," the disclosure must be evidence of

> (A) Gross mismanagement of a Department of Defense contract or grant, a gross waste of Department funds, an abuse of authority relating to a Department contract or grant, or a violation of law, rule, or regulation related to a Department contract (including the competition for or negotiation of a contract) or grant.
>
> (B) Gross mismanagement of a National Aeronautics and Space Administration contract or grant, a gross waste of Administration funds, an abuse of authority relating to an Administration contract or grant, or a violation of law, rule, or regulation related to an

[8] To the extent Plaintiff is attempting to bring a RICO conspiracy claim, any attempt to do so fails for the same reason his § 1983 conspiracy claim fails.

> Administration contract (including the competition for or negotiation of a contract) or grant.
>
> (C) A substantial and specific danger to public health or safety.

10 U.S.C. § 4701(a)(1)

None of the concerns Plaintiff alleges to have raised falls within any of the three above categories, as none of his concerns related to a contract or grant. Assuming, *arguendo* they did, Plaintiff has failed to allege causation by virtue of the many independent causes alleged in his Amended Complaint and discussed in Section V.b., *supra*.

## VIII. Plaintiff Fails to State a Claim Under 41 U.S.C. § 4712 (Count VI)

"[T]o plead a plausible claim of unlawful retaliation under 41 U.S.C. § 4712, Plaintiff must plead facts that demonstrate that (1) he reasonably believe[d] he was disclosing evidence described by the statute; (2) he made the protected disclosure to a person described by the statute; and (3) the protected disclosure was a 'contributing factor' to an adverse personnel action." *Patel v. Credence Mgmt Solution*s, 2021 U.S. Dist. LEXIS 75500, *24-25 (E.D. Va. Mar. 15, 2021) (internal quotations omitted). To be "evidence described by the statute," the disclosure would have to be

> "evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant."

41 U.S.C. § 4712(a)(1)

As with his DCWPA claim, none of Plaintiff's alleged disclosures related to a federal contract, thus none of the alleged disclosures were a protected activity. Again, as with his DCWPA claim, Plaintiff's Amended Complaint has provided ample evidence of the lack of a causal link

between whatever disclosures he did make and the adverse employment action. Accordingly, Count VI should be dismissed with prejudice.

## IX. Plaintiff Fails to State a Claim Under Va. Code § 40.1-27.3 (Count VII)

"In order to state a cause of action under [Va. Code § 40-27.3](A)(1) Plaintiff must allege that he reported a violation of any federal or state law or regulation to a supervisor or to any governmental body or law enforcement official." *Chenault v. RBI Corp.*, 108 Va. Cir. 529 (Hanover Cty. Cir. Ct. 2021). Plaintiff points to three sections of his Amended Complaint as evidence he made a qualifying report: ¶¶ 285-88, 505-73, 847-49. ECF No. 4, ¶ 1323.

None of the paragraphs of his Amended Complaint Plaintiff points to for his claim under Va. Code § 40-27.3 identify a violation of federal or state law or regulation. In fact, many of the cited paragraphs do not even discuss a report of any kind. Accordingly, Count VII should be dismissed with prejudice.

## X. Plaintiff Fails to State a Claim Under Va. Code § 2.2-3011 (Count VIII)

To qualify as a "whistle blower" under the Virginia FAWPA, Plaintiff must be: 1) an employee, 2) who witnesses or has evidence of wrongdoing, 3) who makes a good faith report of the wrongdoing or abuse to one of the employee's superiors, an agent of the employer, or an appropriate authority."[9] Va. Code. § 2.2-3010. The Virginia FAWPA defines "wrongdoing" as "a violation, which is not of a merely technical or minimal nature, of a federal or state law or regulation, local ordinance, or a formally adopted code of conduct or ethics of a professional organization designed to protect the interests of the public or employee." *Id.*

[9] This is a cleaned-up recitation of the definition as relevant to position taken by Plaintiff in his Complaint. The statute also includes a definition of whistle blower inapplicable in the employee whistle blower scenario.

While Plaintiff states that he was reporting bribery, misapplication of institutional property, and misuse of public resources, the facts underpinning these allegations in his complaint show that the claims were entirely unsupported. While Plaintiff describes his reports as "good-faith," the FAWPA requires not just the absence of malice but the presence of "reasonable cause to believe [the report] is true" to qualify as a good faith report. Va. Code § 2.2-3010. Plaintiff's wild unsupported accusations cannot satisfy this standard. Furthermore, Plaintiff's allegations establish that it was his own "misconduct,"[10] that led to his termination, and Va. Code § 2.2-3011(E) provides "[n]othing in this chapter shall prohibit an employer from disciplining or discharging a whistle blower for his misconduct or any violation of criminal law." As Plaintiff's own allegations negate causation by showing ample good cause to terminate his employment (see discussion in Section V.b, *supra)*, this claim should be dismissed with prejudice.

## XI. <u>Plaintiff Fails to State a Claim for Failure to Provide Reasonable Accommodation under the ADA (Count IX)</u>

"In order for a plaintiff to establish a *prime facie* case against his employer for failure to accommodate under the ADA, the plaintiff must show: (1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position…; and (4) that the employer refused to make sure accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337. 345 (4th Cir. 2013) (internal quotations omitted).

### a. Plaintiff Failed to Exhaust His Administrative Remedies

[10] The Virginia FAWPA defines "misconduct" as "conduct or behavior by an employee that is inconsistent with state, local, or agency standards for which specific corrective or disciplinary action is warranted.

Title I of the ADA requires "that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012). The administrative charge must be filed with the EEOC within 180 days of the alleged discriminatory act, unless extended to 300 days when state law proscribes the alleged act and a proceeding was first initiated with a state agency with authority to grant or seek relevant relief. *Bazemore v. Lett*, No. 4:07cv71, 2008 U.S. Dist. LEXIS 135401, *7 (E.D. Va. Sept. 29, 2008). Commonwealth Defendants find no mention of an EEOC charge in Plaintiff's Amended Complaint. As Plaintiff has not pleaded he exhausted this administrative remedy, Commonwealth Defendants ask that the court dismiss this claim.

**b. Plaintiff Fails to State a Claim of Failure to Accommodate**

Plaintiff has not alleged that he was an individual who had a disability within the meaning of the ADA or that VMI refused to make any reasonable accommodations. Accordingly, this Claim should be dismissed.

Simply alleging he has ADHD without more, as Plaintiff does in his Amended Complaint (ECF No. 4, ¶ 28), does not sufficiently allege a disability for the purposes of the ADA. *See Rudolph v. Buncomobe Cty. Gov't*, 846 F. Supp. 2d 461, 471-72 (W.D.N.C.) *aff'd*, 474 F. App'x 931 (4th Cir. 2012) (finding that the plaintiff was not disabled under the ADA when her ADHD was managed with medication and did not substantially impact any major life activities). Nor does simply alleging his classification as a disabled veteran. *See Cora v. Amgen Mfg. Ltd.*, 2025 U.S. Dist. LEXIS 13154, *20 (D.P.R. Jan. 23, 2025) (finding that a plaintiff must allege a specific disability and being a "disabled combat veteran" is an insufficient allegation). Furthermore, the only allegations of having made an accommodation request appear to be in paragraphs 28-30 of the Amended Complaint, which describe the accommodation being granted. As Plaintiff has not

only failed to describe a failure to accommodate but described the award of an accommodation instead, Count IX should be dismissed with prejudice.

**XII. <u>Plaintiff Fails to State a Claim of Misclassification Under 29 U.S.C. § 213(a)(1) (Count X)</u>**

Plaintiff claims he was misclassified as an exempt employee and as a result he was not paid overtime pay owed to him. ECF No. 4 ¶ 1362. Plaintiff appears to be pursuing a 29 U.S.C. § 203(s)(1)(A) enterprise coverage theory of FLSA applicability. ECF No. 4, ¶ 1365. To show enterprise coverage of this type, "a plaintiff must adequately plead two facts: (1) their employer engages in commerce or the production of goods for commerce; and (2) their employer has yearly revenues of at least $500,000." *Ergashov v. Global Dynamic Transp., LLC*, 2015 U.S. Dist. LEXIS 154874, *7-8 (D. Md. Nov. 13, 2015) *aff'd*, 680 Fed. Appx. 161 (4th Cir. 2017).

But for the conclusory mere recitation of an element that VMI was "an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the [FLSA]" (ECF No. 4, ¶ 1365), Plaintiff makes no attempt to plead either element, and the claim should be dismissed.

**XIII. <u>Plaintiff Fails to State a Claim of Retaliation Under 29 U.S.C. § 215(a)(3) (Count XI)</u>**

To state a claim of retaliation under 29 U.S.C. § 215(a)(3), "a plaintiff must plausibly allege that: (1) engagement in protected activity; (2) materially adverse action...which...might well have dissuaded a reasonable worker from making or supporting a charge of discrimination; and (3) causality." *Reardon v. Herring*, 191 F. Supp. 529, 549 (E.D. Va. 2016) (internal quotation omitted). "[T]he statute requires 'fair notice' to employers. To protect employers from unnecessary uncertainty, 'some degree of formality' is required for an employee complaint to constitute protected activity." *Minor v. Bostwick Labs, Inc.*, 669 F.3d 428, 439 (4th Cir. 2012). The standard

is whether the complaint "was 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Id. (quoting Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)).

Plaintiff's allegation is that he reported processing delays in forms that caused delays in staff wages. ECF No. 4, ¶ 951-954. The only concern he raised was that the delays impacted staff morale and operational continuity. ECF No. 4, ¶ 955. Additionally, these delays were at least partially attributable to Plaintiff, and he was reprimanded for his role in this. ECF No. 4, ¶¶ 906-17, 936. Plaintiff has not alleged the type of clear and specific report necessary to qualify as protected activity under 29 U.S.C. § 215(a)(3). Just as with many other claims, Plaintiff has also failed to allege causation by having pleaded proof that the independent cause of his termination was his poor job performance as discussed above in Section V.b., and as such this claim should be dismissed with prejudice.

**XIV. <u>Plaintiff Fails to State a Claim of Negligent Retention (Count XII)</u>**

"Although the Virginia Supreme Court has not squarely addressed the question of whether a plaintiff must plead physical harm to state a negligent retention claim, based on the weight of the authority from other courts, and the Virginia Supreme Court's language...a plaintiff alleging negligent retention must allege serious and significant physical harm." *Snapp v. Lincoln Fin. Sercs. Corp.*, No. 5:17-cv-00059, 2018 U.S. Dist. LEXIS 34492, *20-21 (W.D. Va. Mar. 2, 2018) (internal quotations omitted). As Plaintiff only alleges financial harm (ECF No. 4, ¶ 1392), this claim should be dismissed with prejudice.

**V. <u>CONCLUSION</u>**

Wherefore the above stated reasons, Defendant Board of Visitors respectfully requests that this Court dismiss the Amended Complaint against it pursuant to Rule 17(b)(3) as it lacks the capacity to be sued. Commonwealth Defendants respectfully request that this Court dismiss the Amended Complaint against them in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6) and for failure to comply with Rules 8(a)(2), 8(d)(1) and 10(b). Commonwealth Defendants further respectfully request that this Court award them costs incurred herein and such other relief as the Court deems just and appropriate.

Respectfully submitted,

**Commonwealth Defendants**

By counsel:

__/s/ *Richard R. Shayegan*_
Richard R. Shayegan (VSB No. 80919)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
Tel.: (804) 823-6336
Fax: (804) 371-2087
RShayegan@oag.state.va.us
*Counsel for*
*Commonwealth Defendants*

Jay Jones
*Attorney General of Virginia*

Gretchen Nygaard
*Deputy Attorney General*

Jacqueline C. Hedblom
*Trial Section Chief*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 27th day of February 2026, the foregoing MEMORANDUM IN SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PER RULES 8(a)(2), 8(d)(1), and 10(b), 12(b)(1), 12(b)(6), and 17(b)(3) was electronically filed with the clerk of court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ *Richard R. Shayegan*

Richard R. Shayegan (VSB No. 80919)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street Richmond, Virginia 23219
Telephone: (804) 823-6336
Fax: (804) 371-2087
Email: rshayegan@oag.state.va.us
*Counsel for Commonwealth Defendants*