**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| **ONIER OSWALDO VARGAS,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**VIRGINIA MILITARY INSTITUTE,**<br>**VMI BOARD OF VISITORS,**<br>**VMI ALUMNI AGENCIES,**<br>**KEYDET CLUB,**<br>**VMI FOUNDATION, and**<br>**VMI ALUMNI ASSOCIATION** | **Civil Action No. 6:25cv00100** |

**COMMONWEALTH DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants Virginia Military Institute ("VMI") and VMI Board of Visitors ("Board of Visitors") (collectively, "Commonwealth Defendants"), by counsel, submit the following Brief in Opposition to Plaintiff's Motion for Preliminary Injunction.

## INTRODUCTION

After having filed an over 200-page Amended Complaint, Plaintiff presents an encore by filing a nearly 300-page[1] Memorandum in Support of His Motion for a Preliminary Injunction. Continuing a theme from his Amended Complaint, Plaintiff again fails to meet any of the standards he must meet despite the immense volume of his filing.

To be sure, Plaintiff recites four factors that were elicited in *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). To be equally sure, he does not in fact satisfy the *Winter* test. Plaintiff claims

[1] Including exhibits

that he is likely to succeed on the merits of his claims under Va. Code § 40.1-27.3 and 18 U.S.C. § 1962(c), but fails to address the fact that it is in fact impossible for him to succeed on either of these claims owing to state sovereign immunity and Eleventh Amendment immunity. Plaintiff says he will suffer irreparable harm but then fails to identify any harm he will suffer. Plaintiff claims the balance of equities tips in his favor but then establishes that the opposite is true. In an action against the government, the balance of equities and public interest merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## BACKGROUND

For the reasons argued in Commonwealth Defendants' Memorandum in Support of their Motion to Dismiss (ECF No. 23, *5-7), it would be an undue burden for a responding party to attempt to summarize rambling 227-page narrative labeled an Amended Complaint. However, the overarching principles are that Plaintiff was appointed to be the Director of Athletic Multimedia at VMI on March 25, 2024. ECF No. 4, ¶ 21. Plaintiff was to report directly to Mr. Marcello. ECF No. 4, ¶ 25. During their introductory meeting, Plaintiff informed Mr. Marcello that he is a disabled veteran and diagnosed with ADHD and informally made an accommodation request which he received. ECF No. 4, ¶¶ 27-30. During Plaintiff's employment there were recurring broadcast disruptions which Plaintiff blamed on the state of broadcasting equipment. ECF No. 4, ¶¶ 241-246. Plaintiff also blamed the issues on Mr. Marcello reducing an equipment order Plaintiff had made by half. ECF No. 4, ¶ 254. Also, replacement equipment (that apparently Plaintiff had ordered) was incompatible. ECF No. 4, ¶ 232. In an initial review in August 2024, Plaintiff received scores of 3 and 4 out of 5. ECF No. 4, ¶¶ 74-76. However, as time went on Plaintiff began receiving numerous reprimands, was placed on a performance improvement plan, and given a notice of improvement needed. ECF No 4, ¶¶ 666, 832, 939, 941(by way of example,

but more examples exist in the voluminous Amended Complaint). Eventually, Plaintiff was given a 30-day notice of intent to terminate and terminated. ECF No. 4, ¶¶ 1024, 1034.

Throughout this period of bad performance, Plaintiff made complaints regarding Mr. Marcello's managerial style and the involvement of the Keydet Club, which from the Amended Complaint appears to be a fundraising organization. ECF No. 4, ¶¶ 546, 863. There was also an incident of unwanted physical contact between Plaintiff and Mr. Marcello on January 9, 2025. ECF No. 4, ¶ 968. This culminated in cross-warrants being dismissed after mutual assertions of their Fifth Amendment privilege by Plaintiff and Mr. Marcello. ECF No. 4, ¶¶ 1014-17, 1038.

Plaintiff now moves for preliminary injunction, asking that the court reinstate him to "paid administrative status," terminate a trespass warning issued by the VMI police department, and place two "material witnesses" on "paid administrative status or otherwise insulating them from supervisory authority." ECF No. 28, *50.[2]

## LEGAL STANDARD

"[T]he Supreme Court has repeatedly admonished lower courts that a preliminary injunction 'is an extraordinary remedy never awarded as of right.'" *AFT v. Bessent*, No. 25-1282, 2025 U.S. App. LEXIS 20397, at *6, 2025 WL 2313255, __ F.4th __ (4th Cir. Aug. 12, 2025). To obtain a temporary restraining order or preliminary injunction, a plaintiff must satisfy the four-factor *Winter* test. *Id.* (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). These factors are "(1) that they are likely to succeed on the merits,[3] (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that the injunction is in the public interest." *Id.* But "a preliminary injunction can be granted only if every

[2] Plaintiff asks for two other forms of injunction which appear to be directed at the alumni agency defendants and not the Commonwealth Defendants.

[3] Likelihood of success on the merits, "refers to the party's likelihood of success *in the lawsuit before the court*, including both merits *and* jurisdictional issues." *Bessent*, 2025 U.S. App. LEXIS 20397, at *6 n.3.

factor is met," and thus "the rejection of a single factor" results in denying the preliminary injunction. *Id.* at *6–7 (quoting *Frazier v. Prince George's Cnty.*, 86 F.4th 537, 544 (4th Cir. 2023)). And Plaintiff "carries the burden of persuasion" and must satisfy each element "*by a clear showing*." *Id.* at *7 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (italics in the original).

"[S]ome requests for preliminary injunctions can be quickly resolved on just the first *Winter* factor," likelihood of success on the merits, "alone." *Id.* at *8. This is especially true "when a plaintiff must prevail on several independent issues, each potentially dispositive of the case, to prevail overall." *Id.* In such cases, the plaintiff has a "multiplicative problem" that means even if they are likely to win *each* of those issues they are unlikely to win *all* of them.5 Id. A "plaintiff must therefore show an extremely high likelihood of success on each individual issue in order to have a normal likelihood of success overall." *Id.* at *9. This "creates a probabilistic structure that stacks the deck against a plaintiff who must prevail on multiple independent issues to prevail overall." *Id.* at *2.

## ARGUMENT

### I. Plaintiff Cannot Demonstrate Likelihood of Success on the Merits

Plaintiff claims that he is likely to succeed on two of his claims: his claim under Va. Code § 40.1-27.3 and 18 U.S.C. § 1962(c). ECF No. 28, *13. In doing so, Plaintiff completely ignores that both of these claims are barred by immunity. *See Conte v. Virginia*, No. 3:20-CV-00038, 2023 U.S. Dist. LEXIS 73530, *10 (W.D. Va. Apr. 27, 2023) (holding that § 1962 "does not explicitly and by clear language or by statutory history evince an intention to waive State sovereign immunity") (citing *Stewart v. Univ. of N.C. Sts.*, 673 F. App'x 269, 270 (4th Cir. 2016) (per curiam) and *Holloman v. Va. Dep't of Corr.*, No. 7:22-cv-00478, 2022 U.S. Dist. LEXIS 219642, *1 (W.D.

Va. Dec. 6, 2022)) *and Moschetti v. Off. of the Inspector Gen.*, No. 3:22-cv-24-HEH, 2022 U.S. Dist. LEXIS 144143, *26 (E.D. Va. Aug. 11, 2022) ("Thus, the Commonwealth and its agencies, including OSIG, are immune from suit under § 40.1-27.3."). *See also* ECF No. 23, *8-13.

Additionally, Plaintiff's argument that Va. Code § 40.1-27.3 is based solely on conclusory statements, not factual ones, and there is a distinct lack of evidence. Furthermore, any causation, had there been a qualifying report, is negated by Plaintiff's own admission that he received 23 disciplinary memoranda, among other examples establishing his performance deficiencies. ECF No. 28, * 19. Such is also true for Plaintiff's argument regarding 18 U.S.C. § 1962(c), for which he has yet to make a factual allegation, as opposed to a conclusory one, of a predicate act or that he even has standing. *See* ECF No. 23, *17-19.

## II. The Absence of a Preliminary Injunction Will Not Result in Irreparable Harm to Plaintiff

Plaintiff argues that he will suffer the following as irreparable harm: the continued enforcement of his termination, his physical exclusion from VMI, the continuation of supervision of VMI employees (presumably) that he believes are material witnesses, and furtherance of the supposed RICO enterprise. ECF No. 28, *24-25. The first of these seems to be the type of harm compensated by money damages thus by definition not irreparable. See, e.g., *Sampson v. Murray,* 415 U.S. 61, 90, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974) ("[T]emporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury….'The key word in this consideration is irreparable….The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" (quoting *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925, 104 U.S. App. D.C. 106 (D.C. Cir. 1958))). The second of these seems to be founded in

some belief that Plaintiff is owed backdoor access to potential discovery and the circumstances relating to discovery ("This internalization of information flow limits external observation and restricts the ability to independently verify how events are characterized or preserved during litigation." ECF No. 28, *27). Such is not the case, and not an example of irreparable harm. Similarly, that other witnesses are also VMI employees is neither a ground to force them to paid administrative leave nor proof of irreparable harm. Finally, assuming the existence of some RICO applicable scheme, none of the harm from its continuation would be a harm suffered by Plaintiff.

**III. The Balance of Equities is in Defendants' Favor As Well As The Public Interest**

When an injunction is sought against government actors, the requirements that a plaintiff show that the balance of equities and public interest are in their favor merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). If Plaintiff is denied his injunction, the consequence to him is that he continues not to be employed by VMI, which is fully compensable by money damages should this matter resolve in his favor. However, if Plaintiff's request is granted, VMI is forced to put a poor performing employee on payroll, is forced to allow a person who VMI police apparently determined to be a safety threat back onto campus, and multiple VMI employees are placed onto administrative leave without having done anything to warrant such.

In fact, reinstating Plaintiff may create irreparable harm by placing Plaintiff in an environment where Plaintiff feels his speech chilled by his belief that his employer wants to fire him for statements he made. *Vaughn v. Spartanburg*, *Cnty. Sch. Dist. Five*, C.A. No. 7:25-cv-12623-DCC, 2026 U.S. Dist. LEXIS 8110, at *12 n.2 (citing *Gray v. Mallory*, No. 4:25-cv-01057, 2025 U.S. Dist. LEXIS 229156, at *5 (E.D. Ark. Nov. 21, 2025)). Furthermore, placing employees who are performing to the satisfaction of their employer on administrative leave to benefit Plaintiff does so not only to the detriment of the employer, and to the detriment of those employees, but

also to the determinant of the taxpayers who are denied the work of capable and willing employees for some perceived preservation of evidence benefit believed to exist by the Plaintiff.

## CONCLUSION

Wherefore the above stated reasons, Commonwealth Defendants ask this court to deny Plaintiff's Motion for Preliminary Injunction. Commonwealth Defendants further ask that this Court warn Plaintiff of the potential consequences of further vexatious litigation.

Respectfully submitted,

**Commonwealth Defendants**

By counsel:

__/s/ *Richard R. Shayegan*_
Richard R. Shayegan (VSB No. 80919)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
Tel.: (804) 823-6336
Fax: (804) 371-2087
RShayegan@oag.state.va.us
*Counsel for*
*Commonwealth Defendants*

Jay Jones
*Attorney General of Virginia*

Gretchen Nygaard
*Deputy Attorney General*

Jacqueline C. Hedblom
*Trial Section Chief*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of March 2026, the foregoing Brief in Opposition to Plaintiff's Motion for Preliminary Injunction was electronically filed with the clerk of court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ *Richard R. Shayegan*

Richard R. Shayegan (VSB No. 80919)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street Richmond, Virginia 23219
Telephone: (804) 823-6336
Fax: (804) 371-2087
Email: rshayegan@oag.state.va.us
*Counsel for Commonwealth Defendants*