**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

ONIER OSWALDO VARGAS )
)
*Plaintiff*, )
)
v. ) Case No. 6:25-cv-100
)
VIRGINIA MILITARY INSTITUTE, )
ET AL., )
)
*Defendants*. )
)

**THE ALUMNI AGENCIES DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S "RENEWED MOTION FOR PRELIMINARY INJUNCTION"**

Plaintiff Onier Oswaldo Vargas ("Plaintiff"), *pro se*, has filed a "Renewed Motion for Preliminary Injunction" under 42 U.S.C. § 1983 (the "Motion") seeking to force "VMI's natural persons on the current [Board of Visitors] and [VMI Superintendent] Lt. Gen. David Furness, in their official capacities," to rescind the termination of Plaintiff's employment, remove the trespass notice against him, and place "material witnesses" on paid or unpaid leave. *See* ECF 50 and 51 (Plaintiff's "Renewed Motion for Preliminary Injunction" and "Renewed Memorandum in Support"). The Plaintiff's Motion does not seek specific temporary relief against any of the other defendants, including the VMI Alumni Agencies Board, VMI Alumni Association, VMI Foundation, or Keydet Club (collectively the "Alumni Agencies"). Nevertheless, given Plaintiff's accusations against the Alumni Agencies in his Motion,[1] the Agencies file this Brief in Opposition.

[1] For example, Plaintiff accuses the Keydet Club of committing bribery, ECF 51 at 3-5; accuses the Alumni Agencies of participating in a criminal "enterprise" with VMI, *id.* at 6; and suggests that the Alumni Agencies and/or their employees or officers were "pervasive[ly] entwine[d]" with VMI and as such were "state actors" alongside VMI, *id.* at 7-8, 14, 21.

**BACKGROUND**

Twenty-one months after the termination of his employment, Plaintiff asks this Court to reinstate him to employment with VMI because, in his view, he was the subject of "retaliation" by various VMI employees, in the form of allegedly unrealistic project deadlines, disciplinary write-ups, equipment restrictions, a missing chair, an open-door policy, a "grab" of his elbow, a trespass notice, and verbal criticism of his work product. *See generally* ECF 51 at 2-13 (summarizing some allegations from his Second Amended Complaint and adding new allegations not pleaded).

Plaintiff says the retaliation caused him harm in three ways. First, it caused him "psychological harm" that "impaired his ability" to work at VMI Athletics, "ultimately le[ading] to his termination." *Id.* at 14. Second, he says it caused him "professional" harm; specifically, he now works in a "lower-paying novelty retail sales position unrelated to his thirteen-year career in multimedia and photography." *Id.* at 13, 14. Third, he says it caused him "physical" harm—apparently referring to the elbow-grab and missing chair incidents. *Id.* at 4, 7, 12, 14.

In short, Plaintiff alleges nothing more than a typical wrongful discharge claim which, if proven at trial, would allow him to recover lost wages and compensatory damages for physical, psychological, and emotional harm, as well as reputational and professional harm. There is nothing extraordinary about his claims of "retaliation" that warrant the entry of temporary injunctive relief.

Although Plaintiff (in passing) accuses the Alumni Agencies of committing criminal activity and being "pervasive[ly] entwine[d]" with VMI, *id.* at 21, he does not implicate them in the purported "retaliation" by VMI employees. Nor could he, because the Alumni Agencies never employed him and rarely interacted with him during his tenure at VMI Athletics. This implicit concession by Plaintiff underscores the lack of factual basis for his Section 1983 claims against

the Alumni Agencies in the Second Amended Complaint, and buttresses the need to dismiss these claims, as requested in the Agencies' Motion to Dismiss.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" that courts never award as of right. *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023) (citation omitted). To obtain a preliminary injunction, a plaintiff must satisfy the four-factor *Winter* test by demonstrating: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities tips in his favor, and (4) that an injunction is in the public interest." *Id.* (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). This Court may "deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors." *Id.* (citation omitted).

## ARGUMENT

Plaintiff has made no claim for preliminary injunctive relief against the Alumni Agencies, nor could he, for at least two reasons.

First, Plaintiff has not made a "clear showing" with factual allegations ***and evidence*** that he is "***likely*** to succeed on the merits at trial." *2311 Racing LLC v. NASCAR, LLC*, 139 F.4th 404, 408 (4th Cir. 2025) (emphases added); *see also Mahmoud v. McKnight*, 102 F.4th 191, 203 (4th Cir. 2024), *vacated on other grounds by Mahmoud v. Taylor*, 606 U.S. 522 (2025) ("[A] plaintiff seeking a preliminary injunction generally cannot rely on mere allegations in the complaint but must come forward with some evidence showing a likelihood of success on the merits."). As detailed in the Alumni Agencies' Brief in Support of their Motion to Dismiss, Plaintiff has woefully failed to allege a sufficient factual basis supporting his Section 1983 claims of state action or conspiracy by the Alumni Agencies. And he attaches no evidence to his Motion changing that

pleading defect. In short, "[b]ecause [Plaintiff's] claims do not survive even this early stage of the litigation, it is apparent that he is not 'likely to succeed on the merits.'" *Vargas v. Va. Military Inst.*, No. 6:25-cv-00100, 2026 U.S. Dist. LEXIS 225556, at *52 (W.D. Va. Sep. 30, 2026) (Urbanski, J.) (quoting *Winter*, 555 U.S. at 20).

Second, Plaintiff has not shown that he will "suffer irreparable harm" in the absence of a preliminary injunction, nor could he. Certainly he has not shown that any of the Alumni Agencies have ***ever*** harmed him—let alone irreparably. Moreover, none of the "harms" he attributes to VMI's retaliation are extraordinary or irreparable in any way. To the contrary, the alleged injuries he claims to have suffered can be fully addressed through compensatory damages applicable in any other wrongful discharge case. Nothing has changed since this Court found in response to Plaintiff's first request for a preliminary injunction (ECF 27, 28) that "[Plaintiff] cannot establish that he is 'likely to suffer irreparable harm in the absence of preliminary relief.'" *Id.*

## CONCLUSION

For the foregoing reasons, to the extent Plaintiff seeks to enjoin the Alumni Agencies in any capacity, this Court should deny that request.

Filed: November 20, 2026 Respectfully submitted,

VMI ALUMNI AGENCIES BOARD, INC.,
VMI KEYDET CLUB,
VMI FOUNDATION,
VMI ALUMNI ASSOCIATION

By counsel: */s/ Jessiah S. Hulle*

W. David Paxton (VSB No. 19798)
Jessiah S. Hulle (VSB No. 95828)
GENTRY LOCKE
10 Franklin Rd. SE, Suite 900
P.O. Box 40013
Roanoke, VA 24022
Phone: 540-983-9300
Fax: 540-983-9400

paxton@gentrylocke.com
hulle@gentrylocke.com

*Counsel for the Alumni Agencies*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which provided electronic service to all counsel of record and *pro se* plaintiff Onier Oswaldo Vargas, and a copy of the foregoing was mailed to Mr. Vargas.

*/s/ Jessiah S. Hulle*____________________
Counsel

**CERTIFICATE OF COMPLIANCE**

I hereby certify that:

a. No artificial intelligence was employed in conducting the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research source Lexis+.

b. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ Jessiah S. Hulle*____________________
Counsel