**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| **ONIER OSWALDO VARGAS,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**VIRGINIA MILITARY INSTITUTE,**<br>**VMI ALUMNI AGENCIES,**<br>**KEYDET CLUB,**<br>**VMI FOUNDATION, and**<br>**VMI ALUMNI ASSOCIATION**<br><br>**Defendants.** | **Civil Action No. 6:25cv00100** |

**VMI'S BRIEF IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**

Defendant Virginia Military Institute ("VMI"), by counsel, submits the following Brief in Opposition to Plaintiff's Renewed Motion for Preliminary Injunction.

## I. Introduction

Plaintiff asks this Court for a preliminary injunction "directing VMI's natural persons on the current [Board of Visitors] and Supt. Lt. Gen. David Furness, in their official capacities, to" reinstate Plaintiff to paid administrative status, nullify his having been trespassed from the property, and to place purported VMI employees on paid admin leave or even unpaid admin leave on the ground that they are material witnesses. Despite Plaintiff's attempts to address the four factors elicited in *Winter v. NRDC, Inc.*, 55 U.S. 7, 20 (2008), he plainly fails to meet the test.

## II. Legal Standard

"[T]he Supreme Court has repeatedly admonished lower courts that a preliminary injunction 'is an extraordinary remedy never awarded as a of right.'" *AFT v. Bessent*, No. 25-1282, 2025 U.S. App. LEXIS 20397, at *6 (4th Cir. Aug. 12, 2025) *abrogated on other grounds by AFSCME v. SSA*, 172 F.4th 361, 369 (4th Cir. 2026). To obtain a temporary restraining order or preliminary injunction, a plaintiff must satisfy the four-factor *Winter* test. *Id*. (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). These factors are "(1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that the injunction is in the public interest." *Id*. But "a preliminary injunction can be granted only if every factor is met," and thus "the rejection of a single factor" results in denying the preliminary injunction. *Id.* at *6-7 (quoting *Frazier v. Prince George's Cnty.*, 86 F.4th 537, 544 (4th Cir. 2023)). And Plaintiff "carries the burden of persuasion" and must satisfy each element "*by a clear showing*." *Id*. at *7 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

**Argument**

**a. Plaintiff Is Unlikely to Succeed on the Merits**

Plaintiff claims he is likely to succeed on the merits of his 42 U.S.C. § 1983 retaliation and due process claims. ECF No. 51, *15. In doing so, he ignores that this Court has already ruled in this case that those claims are barred against VMI both by way of sovereign immunity and by way of VMI not being a "person" who can be sued under § 1983. ECF No. 45, *26. Plaintiff must be aware of this ruling as he did not even name VMI as an entity he is bringing *any* of the counts in his Second Amended Complaint against.

Even if VMI could be subject to these claims, Plaintiff would still clearly lack a likelihood of success. Plaintiff's complaints were merely "that of a single disgruntled employee about a personal employment dispute." *Taylor v. County of Pulaski*, No. 7:06CV00467, 2008 U.S. Dist.

LEXIS 79228, *15 (W.D. Va. Oct 7, 2008) (internal quotation omitted). Furthermore, Plaintiff makes no argument that he can meet the but-for causation standard required by such a claim, nor can he ever in light of his many failures of job performance described in his Amended Complaint, Second Amended Complaint, and even referenced in this request for preliminary injunction. His due process claim fares no better when per his renewed motion for preliminary injunction Plaintiff had "PIP Meetings, a forty-five-day improvement period, and advanced termination notice." ECF No. 51, *17.

**b. Plaintiff is Unlikely to Suffer Irreparable Harm in the Absence of Preliminary Relief**

This Court has previously found in this case that "Vargas cannot establish that he is 'likely to suffer irreparable harm in the absence of preliminary relief.'" ECF No. 45, *38 (citation omitted). Nothing has changed in Plaintiff's *Renewed* Motion for Preliminary Injunction (emphasis added) to change that outcome.

**c. The Balance of Equities and Public Interest Favor VMI**

that the balance of equities and public interest are in their favor merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). If Plaintiff is denied his injunction, the consequence to him is that he continues not to be employed by VMI, which is fully compensable by money damages should this matter resolve in his favor. However, if Plaintiff's request is granted, VMI is forced to put a poor performing employee on payroll, is forced to allow a person who VMI police apparently determined to be a safety threat back onto campus, and multiple VMI employees are placed onto administrative leave without having done anything to warrant such.

In fact, reinstating Plaintiff may create irreparable harm by placing Plaintiff in an environment where Plaintiff feels his speech chilled by his belief that his employer wants to fire him for

statements he made. *Vaughn v. Spartanburg*, *Cnty. Sch. Dist. Five*, C.A. No. 7:25-cv-12623-DCC, 2026 U.S. Dist. LEXIS 8110, at *12 n.2 (citing *Gray v. Mallory*, No. 4:25-cv-01057, 2025 U.S. Dist. LEXIS 229156, at *5 (E.D. Ark. Nov. 21, 2025)). Furthermore, placing employees who are performing to the satisfaction of their employer on administrative leave to benefit Plaintiff does so not only to the detriment of the employer, and to the detriment of those employees, but also to the determinant of the taxpayers who are denied the work of capable and willing employees for some perceived preservation of evidence benefit believed to exist by the Plaintiff.

## III. CONCLUSION

Wherefore, and in light of the fact that any one of these failings, including a failing already found by this court to be incurable in this case, is fatal to Plaintiff's motion, VMI respectfully request that this Court deny Plaintiff's Renewed Motion for Preliminary Injunction.

Respectfully submitted,

**Virginia Military Institute**

By counsel:

/s/ *Richard R. Shayegan*
Richard R. Shayegan (VSB No. 80919)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
Tel.: (804) 823-6336
Fax: (804) 371-2087
RShayegan@oag.state.va.us
*Counsel for VMI*

Jay Jones
*Attorney General of Virginia*

Gretchen Nygaard
*Deputy Attorney General*

Jacqueline C. Hedblom
*Senior Assistant Attorney General/Trial Section Chief*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 25th day of November 2026, the foregoing BRIEF IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION was electronically filed with the clerk of court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ *Richard R. Shayegan*

Richard R. Shayegan (VSB No. 80919)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street Richmond, Virginia 23219
Telephone: (804) 823-6336
Fax: (804) 371-2087
Email: rshayegan@oag.state.va.us
*Counsel for VMI*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that:

a. No artificial intelligence was employed in conducting the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research source Lexis+.

b. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ *Richard R. Shayegan*

Richard R. Shayegan (VSB No. 80919)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street Richmond, Virginia 23219
Telephone: (804) 823-6336
Fax: (804) 371-2087
Email: rshayegan@oag.state.va.us
*Counsel for VMI*